O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
May 10 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7927 PSG (JWJx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | Technomarine SA v. Authenticwatches.com, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   **(In Chambers) Order DENYING Motion to Enforce Specific Performance of Settlement Agreement**

Before the Court is Plaintiff Technomarine SA's motion to enforce Defendant's specific performance of settlement agreement. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the motion, the Court DENIES the motion.

Plaintiff Technomarine SA ("Plaintiff") designs, manufactures, and sells TechnoMarine-brand watches. Defendant Authenticwatches.com, Inc. ("Defendant") sells watches over the Internet. In October 2009, Plaintiff and Defendant entered into an agreement settling the present action for copyright infringement and a related action, *Technomarine SA v. Tranik Enterprises, Inc. dba Authentic Watches, CV 09-6963 PSG (PJWx)*, for trademark infringement and tortious interference with contractual relations. The Court subsequently dismissed both actions and retained jurisdiction over the enforcement of the settlement.

On March 31, 2010, Plaintiff filed this motion to enforce Defendant's specific performance of the parties' settlement agreement. More specifically, Plaintiff requests the Court to "enforce compliance," *see Motion* 7:2-4, with the agreement's provision that permits Defendant to sell Plaintiff's discontinued merchandise "provided that Defendant identifies such inventory as discontinued on Defendant's website," *see id.* at 4:15-19. According to Plaintiff, Defendant is violating the spirit of the agreement by identifying Plaintiff's discontinued merchandise "in a barely visible font, size, and color." *See id.* at 4:24-27.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
May 10 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7927 PSG (JWJx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | Technomarine SA v. Authenticwatches.com, Inc. | | |

    While the Court has the power to order specific performance of a settlement agreement, *see TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986), the Court is unable to discern from Plaintiff's motion the precise nature of the relief requested here. Plaintiff merely requests that the Court "enforce compliance to the Agreement by Defendant." *See Motion* 7:2-4. Plaintiff does not intelligibly propose how the Court should do so. The closest Plaintiff comes is with this statement: "Based on the foregoing, Plaintiff moves this Court to enforce compliance of the Agreement by Defendant such that identification of discontinued product is done in such a manner such that it is clearly visible to the average internet customer." *Motion* 6:15-17. Even if the Court were to construe this as a request for an order addressing Defendant's conduct, it is far from clear what that order should say. The phrase "clearly visible to the average internet customer," for instance, is so indefinite as to be useless. *See FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir. 1999) (stating that a party moving for contempt must show "by clear and convincing evidence that the contemnors violated a *specific* and *definite* order of the court") (emphasis added).

    Finally, the Court notes that the difficulty in discerning the nature of the relief requested here is compounded by Plaintiff's failure to comply with paragraph seven of this Court's Standing Order, which provides that "[e]ach party filing or opposing a motion . . . shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations." *See Standing Order* (Dkt # 4) ¶ 7 ("Proposed Orders"). Plaintiff has provided no proposed order.

    For the foregoing reasons, the Court DENIES Plaintiff's motion to enforce Defendant's specific performance of the parties' settlement agreement without prejudice.

    **IT IS SO ORDERED.**